FILED

2010 NOV -4 PM 3:26

CLERK U.S. DISTRICT COURT CENTRAL DIST. OF CALIF. LOS ANGELES

BY: ____________

GIRARDI | KEESE
Thomas V. Girardi, SBN 36603
tgirardi@girardikeese.com
Graham B. LippSmith, SBN 221984
glippsmith@girardikeese.com
1126 Wilshire Boulevard
Los Angeles, California 90017
Tel: (213) 977-0211
Fax: (213) 481-1554

Milord A. Keshishian, SBN 197835
milord@milordlaw.com
MILORD & ASSOCIATES, P.C.
2029 Century Park East, Suite 2100
Los Angeles, California 90067
Tel (310) 226-7878
Fax (310) 226-7879

Attorneys for Plaintiffs
ANDREAS CARLSSON PRODUCTION A.B.
ANDREAS CARLSSON

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ANDREAS CARLSSON PRODUCTION AB, a Swedish Corporation, and ANDREAS CARLSSON, an individual,<br><br>Plaintiffs,<br><br>vs.<br><br>JASON BARNES, p/k/a JAZAN WILD, an individual, and DOES 1-10,<br><br>Defendants. | Case No.: CV10 8396-CAS (CWx)<br><br>**COMPLAINT FOR DAMAGES** |

BY FAX

Plaintiffs Andreas Carlsson Production AB (hereinafter "ACPA") and Andreas Carlsson ("Carlsson") (collectively "Plaintiffs") by and through its undersigned attorneys, sues Defendant Jason Barnes, p/k/a Jazan Wild ("Barnes"), and alleges:

## INTRODUCTION

1. Carlsson is esteemed as one of the world's finest and accomplished contemporary songwriters, having written songs for some of the world's best-selling singers and bands including – but not limited to – Celine Dion, Katy Perry, LeAnn Rimes, Britney Spears, Carrie Underwood, 'N Sync, and Bon Jovi. Carlsson is also the celebrity judge on the Swedish version of *IDOL*, the popular televised singing competition where contestants are voted off each week until a winner is crowned.

2. Carlsson also wrote his autobiography titled *Learn To Win*, which became a bestseller in Sweden in 2009. Carlsson also wrote the novel *Andreas Carlsson Dandy* ("the Novel"), based loosely on his life story and experiences, which Novel incorporates great portions of his autobiography.

3. In 2007, ACPA engaged Defendant Barnes, who develops comic-books, on a "work-made-for-hire" basis to provide a story board for Carlsson's life story. All of the rights in the works created by Barnes were assigned in writing to ACPA.

4. Despite the irrefutable transfer of ownership, Barnes has intentionally and tortiously interfered with Plaintiffs' contractual relations by, *inter alia*, contacting the Novel's publishers and bookstores and attempting to assert Barnes' non-existent and fictional rights. Also, Barnes has defamed Carlsson and ACPA by communications to third parties that Plaintiffs' have stolen his story. Further, Barnes – despite being represented by counsel – has improperly contacted and threatened Plaintiffs' counsel on several occasions.

5. Plaintiffs have attempted to reason with Defendant Barnes to no avail. Thus, Plaintiffs must now seek the Court's intervention in order to extricate Barnes' fictional delusions from reality.

**THE PARTIES**

6. Plaintiff Andreas Carlsson Production AB ("ACPA") is a Swedish corporation having a place of business in Sweden.

7. Plaintiff Andreas Carlsson is an individual and is a resident of Sweden.

8. Defendant Jason Barnes, p/k/a Jazan Wild ("Barnes") is an individual and maintains a residence and conducts business in the County of Los Angeles.

9. The true names of Defendants, DOES 1 through 10, both inclusive, are unknown to Plaintiffs and they are therefore sued herein under the foregoing names, which are fictitious, and upon ascertaining their true names, leave will be asked to amend this complaint by inserting the same. Plaintiffs are informed and believe and thereon allege that each of the fictitiously named Defendants is responsible in some manner for the acts herein alleged and that Plaintiff's damages as herein alleged were proximately caused by said Defendants. The above referenced Defendant and Does 1-10 will collectively be referred to as "Defendants" hereinafter.

**JURISDICTION AND VENUE**

10. This civil action seeks declaratory relief under the Declaratory Judgments Act, 28 U.S.C.§§ 2201 and 2202, and injunctive relief involving claims under the Copyright Act, 17 U.S.C. § 101 et seq. Accordingly, this Court has subject matter jurisdiction over the foregoing claims pursuant to 28 U.S.C. § 1331, as well as exclusive subject matter jurisdiction over interpretations of the Copyright Act in connection with Plaintiffs' request for declaratory judgment and copyright infringement pursuant to 17 U.S.C. § 101 et seq. and 28 U.S.C. § 1338(a).

11. Jurisdiction is also appropriate pursuant to 28 U.S.C. §1332(a) because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $ 75,000.00.

12. This Court also has subject matter jurisdiction under 28 U.S.C. § 1367(a) over Plaintiffs' claims seeking injunctive relief and damages for violations of state law

because said claims arise out of the same case or controversy for which, as set forth below, this Court already has proper subject matter jurisdiction.

13. This court has personal jurisdiction over Defendants because each resides in, and is thus physically present in this judicial district and does business within this judicial district.

14. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b)(1) and 1391(b)(2) because each Defendants reside within this judicial district, and because a substantial part of the events and omissions giving rise to the claims occurred within this judicial district.

## FACTUAL ALLEGATIONS

15. The character Dandy is based on Carlsson's life, image and nickname. The novel *Andreas Carlsson Dandy* is based on Carlsson's life experience and the characters' images are derived from individuals that Carlsson has known throughout his life. In fact, several of Carlsson's friends served as models for the resultant characters.

16. The Dandy project ("Project") began in or about August of 2005 when an event in Carlsson's life led him to write the song "Have My People Call Your People," which is a song used to tell the story. By the summer of 2006, after meetings with several entertainment industry individuals and signing a record deal, an entire album full of songs related to the Project was created.

17. On February 2, 2007, ACPA and Barnes entered into a written work-made-for-hire agreement for Barnes to co-author a treatment for a comic book ("Treatment") based upon Plaintiffs' concept for Dandy and Carlsson's life story. Pursuant to this written agreement, all ownership rights in the Dandy concept, including the copyrights, vested in ACPA as a work-for-hire or alternatively by assignment.

18. The February 2, 2007 agreement provides: "In the event the Treatment is substantially used in the production of a comic book or other literary work, you shall receive a credit substantially in the form of: 'Created by Andreas Carlsson and Jazan

Wild'. The size and placement of such credit shall be on a 'most favored nations' basis with Andreas Carlsson's aforesaid 'created by' credit."

19. The February 2, 2007 agreement further provides: "Your sole right as to any breach hereunder by [ACPA] shall be the recovery of money damages, if any, and the rights herein granted by you shall not terminate by reason of such breach. In no event may you terminate or seek to terminate this agreement or obtain or seek to obtain injunctive or other equitable relief with respect to any breach of Company's obligations hereunder."

20. In or about mid-2007, pursuant to the agreement and based on ACPA's Dandy concepts, completed music album, Carlsson's life story and his instructions, Barnes co-authored a graphic novel titled *DANDY, Welcome to a Dandyworld.*

21. In or about September 2007, ACPA and Defendant Barnes executed an amendment to the February 2, 2007 agreement, to cover two additional graphic novels that were titled *DANDY: Step Into The Krazy Life* and *DANDY: All Hail to The King*. The two additional graphic novels, based on ACPA's Dandy concepts, completed music album, Carlsson's life story and his instructions, were co-authored by Barnes. All rights to the treatment and two additional graphic novels were also assigned to ACPA and ACPA fully performed under both the February and September 2007 agreements.

22. In or about 2009, Carlsson's self-scribed autobiography titled "Live to Win - låtarna som skrev mitt liv" (The songs that wrote my life) was published and was a best-seller in Sweden.

23. In or about 2010, Carlsson wrote an approximately 400 page novel, which became titled *Andreas Carlsson Dandy* ("the Novel") and is set to be released on November 1, 2010 by the same publisher as the autobiography.

24. Without having read the Novel and in violation of the agreements, Defendant Barnes began demanding that he be listed as a co-author.

25. On or about September 27, 2010, in violation of the agreements, Barnes emailed the publisher and demanded that he be credited as a creator of the Novel instead

of the same credit that was attributed to Carlsson and threatening a lawsuit. Barnes also committed copyright infringement by unlawfully publishing the three graphic novels on his website at the URL <http://www.jazanwild.com/DANDY/>. In addition, he demanded that the publisher publish Barnes' biography on its website. Further, without having read the Novel, Barnes informed the publisher that he is entitled to a larger royalty because the Novel substantially incorporated all three graphic novels. Moreover, he relayed to the publisher that he is a "percentage owner of this story," i.e. a percentage copyright owner.

26. On September 27, 2010, defendant Barnes, through his counsel, received a cease and desist letter requesting that he immediately remove the copyrighted works from the <http://www.jazanwild.com/DANDY/> site, to which he complied on or about September 29, 2010.

27. On or about October 4, 2010, defendant Barnes once again threatened the publisher with a lawsuit lest it stay the publication of the Novel. Barnes further infringed on the copyrighted works by publishing them on his website at the following new URL: <http://www.jazanwild.com/DANDY_PRIVATE_LINK/>.

28. On or about October 5, 2010, Barnes once again threatened the publisher with a lawsuit in another email.

29. On or about October 5, 2010, Barnes contacted the publisher via a Facebook account and once again threatened to interfere with the release of the Novel and painted the Plaintiffs in a negative light.

30. On information and believe, Barnes has made derogatory publications against Plaintiffs on his MySpace blog page.

31. On or about October 7, 2010, Barnes once again threatened the publisher with a lawsuit and accused Plaintiffs of plagiarism.

32. On October 16, 2010, Barnes sent email correspondence to Plaintiffs stating that "I have to now sue you for breach of contract."

33. On information and belief, on or about October 21, 2010, Barnes sent email

correspondence to several bookstores in Sweden that were to distribute the Novel and painted Plaintiffs in a negative light by accusing them of plagiarism and threatening to take legal action. He further infringed ACPA's copyrights by distributing copies of the graphic novel.

34. On or about October 24, 2010, Barnes contacted the Swedish press and an article was published wherein Barnes defamed Carlsson by accusing him of theft and plagiarism.

## FIRST CAUSE OF ACTION

(Copyright Infringement)

35. Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though full set forth herein.

36. ACPA owns the copyrights to the treatment, valid copyrights in the treatment, *DANDY, Welcome to a Dandyworld, DANDY: Step Into The Krazy Life* and *DANDY: All Hail to The King* (hereinafter "the Four Works"), and has filed separate copyright registration applications for each of said works.

37. Defendant has infringed ACPA's copyrights in the Four Works by reproducing, adapting, and distributing the Four Works without authorization, in violation of the Copyright Act, 17 U.S.C. §§ 106 and 501. Such infringing conduct includes, but is not limited to, (a) hosting the Four Works on Defendant's website; (b) reposting the Four Works on Defendant's website after Defendant had agreed to remove the same; and (c) distributing copies of the Four Works to various third parties and media outlets.

38. Each such infringement by Defendant constitutes a separate and distinct act of infringement of each of the Four Works.

39. Defendant's acts of infringement are willful, in disregard of and with indifference to the rights of ACPA.

40. As a direct and proximate result of the infringements by Defendant, ACPA

is entitled to damages and to Defendant's profits in amounts to be proven at trial which are not currently ascertainable. Alternatively, ACPA is entitled to maximum statutory damages of $150,000 for each copyright infringed, or in such other amount as may be proper under 17 U.S.C. § 504(c).

41. ACPA further is entitled to its attorneys' fees and full costs pursuant to 17 U.S.C. § 505.

42. As a result of Defendant's acts and conduct, ACPA has sustained and will continue to sustain substantial, immediate, and irreparable injury, for which there is no adequate remedy at law. ACPA is informed and believes, and on that basis avers, that unless enjoined and restrained by this Court, Defendant will continue to infringe ACPA's rights in the Four Works. ACPA is entitled to temporary, preliminary, and permanent injunctive relief to restrain and enjoin Defendant's continuing infringing conduct.

## SECOND CAUSE OF ACTION

(Declaratory Judgment – Copyright Ownership)

43. Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though full set forth herein.

44. A real and justiciable controversy exists between ACPA and Barnes regarding the ownership of the copyrights in the Four Works.

45. Despite Barnes' execution of a notarized written assignment of all rights in the Four Works, including the copyrights, Barnes has held himself out as a percentage owner of the Four Works.

46. ACPA seeks a declaratory judgment from this Court which declares that the Four Works are wholly owned by ACPA within the meaning of the Copyright Act, 17 U.S.C. § 101, *et seq.*

## THIRD CAUSE OF ACTION

(Breach of Contract)

47. Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though full set forth herein.

48. As alleged hereinabove, ACPA and Barnes entered into two written agreements setting forth the parties' rights.

49. ACPA has performed all conditions, covenants and promises required on its part to be performed in accordance with the terms and conditions of the two agreements.

50. By distributing the Four Works in the manner described herein, Barnes has breached said agreements.

51. As a result of Barnes' breaches of the agreements, ACPA has been damaged in an amount that is not yet fully ascertainable but, when ACPA has ascertained the full amount of its damages, he will seek leave of court to amend this Complaint accordingly.

## FOURTH CAUSE OF ACTION

(Declaratory Judgment - Contracts)

52. Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though full set forth herein.

53. An actual controversy has arisen and now exists between Plaintiffs and Defendant regarding their respective rights and duties, in that Plaintiffs contend that Defendant did not have the right to the credit on the Novel as Defendant contends. Plaintiffs further contend that Defendant is not entitled to the monetary sums demanded by Defendant.

54. Plaintiffs request that this Court find the Defendant is not entitled to the credit demanded or the monetary sums from the sale of the Novel.

55. Further, Defendant's actions have been willful, knowing and malicious.

## FIFTH CAUSE OF ACTION

(Defamation)

56. Plaintiffs re-allege and incorporate by reference all preceding paragraphs as

though full set forth herein.

57. Defendant's accusations that Carlsson is a thief and plagiarist are false.

58. Defendant's publication of the defamatory statements as a whole are of and concerning Carlsson and persons who read Defendant's statements reasonably understood the references therein to be references to Carlsson.

59. Defendant's statements are defamatory on their face of Carlsson and expose him to hatred, contempt, ridicule and obloquy, and/or cause him to be shunned or avoided and tend to injure him in his occupation.

60. Carlsson is informed and believes, and based thereon alleges, that Defendant's statements as a whole and each of them were made with knowledge of their falsity or with reckless disregard for their truth or falsity.

61. Carlsson is informed and believes, and based thereon alleges, that Defendant's statements as a whole and each of them were made in a grossly irresponsible manner and negligently, with want of due care.

62. Several celebrity gossip websites have picked up Defendant's defamatory statements and are running the republications on their online websites as well. Defendant's conduct resulted in the republications which caused additional and further damage to Carlsson.

63. As a direct and proximate result of the above-described conduct by Defendant, Carlsson has suffered general and special damages in an amount to be determined at trial but believed to be in excess of One Million Dollars ($1,000,000.00), including without limitation, damage to Carlsson's reputation, career and standing in the community.

64. Carlsson is informed and believes, and based thereon alleges, that Defendant's conduct was done with oppression, fraud and malice and that, therefore, the conduct of Defendant justifies an award of punitive and exemplary damages.

65. Carlsson is informed and believes, and based thereon alleges, that unless enjoined and restrained by the Court, Defendant will republish, repeat and continue to

disseminate the defamatory statements, all to the continuing injury of Carlsson; that such continued republication, repetition and dissemination of the defamatory and offensive falsehoods will cause irreparable harm to Carlsson by damaging his reputation and adversely affecting his career and business efforts as well as his personal relationships.

66. Carlsson is informed and believes, and based thereon alleges, that he lacks an adequate remedy at law insofar as damages will be very difficult to calculate for such on-going injuries. By reason of the foregoing, Carlsson is entitled to a permanent injunction enjoining and restraining Defendant, and all persons acting in concert with him, from republishing, repeating, distributing or otherwise disseminating the accusations of theft and plagiarism to the extent such are found in this Action to be false.

## SIXTH CAUSE OF ACTION

(Intentional Interference with Prospective Economic Relations)

67. Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though full set forth herein.

68. An economic relationship existed between Plaintiffs and the publisher of the Novel that probably would have resulted in an economic benefit to Plaintiffs by payment of proceeds from the sale of the Novel.

69. Defendant knew of the relationship.

70. Defendant intended to disrupt that relationship by his aforementioned misrepresentations.

71. The relationship between Plaintiffs and the publisher was disrupted.

72. Plaintiffs were harmed and Defendant's wrongful conduct was a substantial factor in causing Plaintiffs' harm.

## SEVENTH CAUSE OF ACTION

(Negligent Interference With Prospective Economic Relations)

73. Plaintiffs re-allege and incorporate by reference all preceding paragraphs as

though full set forth herein.

74. An economic relationship existed between Plaintiffs and the publisher of the Novel that probably would have resulted in a future economic benefit to Plaintiffs via payment of proceeds from the sale of the Novel.

75. Defendant knew or should have known of this relationship.

76. Defendant knew or should have known that this relationship would be disrupted if he failed to act with reasonable care.

77. Defendant failed to act with reasonable care when he engaged in wrongful conduct through misrepresentation.

78. The economic relationship between Plaintiffs and the publisher was disrupted.

79. Plaintiffs were harmed and Defendant's wrongful conduct was a substantial factor in causing Plaintiff's harm.

WHEREFORE, Plaintiffs pray for judgment against Defendant as follows:

A. For an award damages in an amount to be established at trial on all of the causes of action, including statutory damages on the copyright infringement claim;

B. For punitive damages in amount to be proven at trial, but at least in an amount to punish and deter Defendant from such unlawful conduct;

C. For an immediate issuance of a preliminary restraining order enjoining and restraining Defendant from using any infringing copyright material and further copyright infringement;

D. For an issuance of a preliminary injunction and permanent injunction which shall permanently and forever enjoin and restrain Defendant from taking any action which would further harm the rights and interests of Plaintiffs;

E. For an award of attorneys' fees under 17 U.S.C. § 505 and any other means provided by law, in an amount to be determined at trial;

F. That this Court grant such other and further relief that it deems just and proper.

Dated: November 4, 2010

Respectfully submitted,

GIRARDI | KEESE
MILORD & ASSOCIATES, P.C.

Thomas V. Girardi
Graham B. LippSmith
Milord A. Keshishian
Attorneys for Plaintiffs

**DEMAND FOR JURY TRIAL**

Plaintiffs, through their attorneys of record, hereby demand trial by Jury.

Dated: October 29, 2010

Respectfully submitted,

GIRARDI | KEESE
MILORD & ASSOCIATES, P.C.

Thomas V. Girardi
Graham B. LippSmith
Milord A. Keshishian
Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Christina A. Snyder and the assigned discovery Magistrate Judge is Carla Woehrle.

The case number on all documents filed with the Court should read as follows:

**CV10- 8396 CAS (CWx)**

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

---

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

[X] **Western Division**
**312 N. Spring St., Rm. G-8**
**Los Angeles, CA 90012**

[ ] **Southern Division**
**411 West Fourth St., Rm. 1-053**
**Santa Ana, CA 92701-4516**

[ ] **Eastern Division**
**3470 Twelfth St., Rm. 134**
**Riverside, CA 92501**

Failure to file at the proper location will result in your documents being returned to you.

AO 440 (Rev. 12/09) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Central District of California

ANDREAS CARLSSON PRODUCTION AB, a Swedish Corporation, and ANDREAS CARLSSON, an individual

*Plaintiff*

v.

JASON BARNES, p/k/a JAZAN WILD, an individual, and DOES 1-10

*Defendant*

Civil Action No. CV 10 8396-CAS (CWx)

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*
JASON BARNES, p/k/a JAZAN WILD

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

Graham B. LippSmith
GIRARDI | KEESE
1126 Wilshire Blvd.
Los Angeles, CA 90017
Tel: 213-977-0211; Fax: 213-481-1554

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

CLERK OF COURT

SEAL

MARILYN DAVIS

Date: 4 NOV 2010

*Signature of Clerk or Deputy Clerk*

COPY

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself [ ])
ANDREAS CARLSSON PRODUCTION AB, a Swedish Corporation, and ANDREAS CARLSSON, an individual

**DEFENDANTS**
JASON BARNES, p/k/a JAZAN WILD, an individual, and DOES 1-10

(b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
Graham B. LippSmith
GIRARDI | KEESE
1126 Wilshire Blvd.
Los Angeles, CA 90017

213-977-0211

Attorneys (If Known)

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

[ ] 1 U.S. Government Plaintiff
[X] 3 Federal Question (U.S. Government Not a Party)
[ ] 2 U.S. Government Defendant
[ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only (Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [X] 1 | Incorporated or Principal Place of Business in this State | [ ] 4 | [X] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business in Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [X] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

**IV. ORIGIN** (Place an X in one box only.)

[X] 1 Original Proceeding [ ] 2 Removed from State Court [ ] 3 Remanded from Appellate Court [ ] 4 Reinstated or Reopened [ ] 5 Transferred from another district (specify): [ ] 6 Multi-District Litigation [ ] 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** [X] Yes [ ] No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** [ ] Yes [X] No [X] **MONEY DEMANDED IN COMPLAINT: $** ____________

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

28 U.S.C. ss. 2201 and 2202; 17 U.S.C. ss. 101, et seq.

**VII. NATURE OF SUIT** (Place an X in one box only.)

[ ] 400 State Reapportionment
[ ] 410 Antitrust
[ ] 430 Banks and Banking
[ ] 450 Commerce/ICC Rates/etc.
[ ] 460 Deportation
[ ] 470 Racketeer Influenced and Corrupt Organizations
[ ] 480 Consumer Credit
[ ] 490 Cable/Sat TV
[ ] 810 Selective Service
[ ] 850 Securities/Commodities/Exchange
[ ] 875 Customer Challenge 12 USC 3410
[X] 890 Other Statutory Actions
[ ] 891 Agricultural Act
[ ] 892 Economic Stabilization Act
[ ] 893 Environmental Matters
[ ] 894 Energy Allocation Act
[ ] 895 Freedom of Info. Act
[ ] 900 Appeal of Fee Determination Under Equal Access to Justice
[ ] 950 Constitutionality of State Statutes

[ ] 110 Insurance
[ ] 120 Marine
[ ] 130 Miller Act
[ ] 140 Negotiable Instrument
[ ] 150 Recovery of Overpayment & Enforcement of Judgment
[ ] 151 Medicare Act
[ ] 152 Recovery of Defaulted Student Loan (Excl. Veterans)
[ ] 153 Recovery of Overpayment of Veteran's Benefits
[ ] 160 Stockholders' Suits
[ ] 190 Other Contract
[ ] 195 Contract Product Liability
[ ] 196 Franchise

[ ] 210 Land Condemnation
[ ] 220 Foreclosure
[ ] 230 Rent Lease & Ejectment
[ ] 240 Torts to Land
[ ] 245 Tort Product Liability
[ ] 290 All Other Real Property

[ ] 310 Airplane
[ ] 315 Airplane Product Liability
[ ] 320 Assault, Libel & Slander
[ ] 330 Fed. Employers' Liability
[ ] 340 Marine
[ ] 345 Marine Product Liability
[ ] 350 Motor Vehicle
[ ] 355 Motor Vehicle Product Liability
[ ] 360 Other Personal Injury
[ ] 362 Personal Injury-Med Malpractice
[ ] 365 Personal Injury-Product Liability
[ ] 368 Asbestos Personal Injury Product Liability

[ ] 462 Naturalization Application
[ ] 463 Habeas Corpus-Alien Detainee
[ ] 465 Other Immigration Actions

[ ] 370 Other Fraud
[ ] 371 Truth in Lending
[ ] 380 Other Personal Property Damage
[ ] 385 Property Damage Product Liability

[ ] 422 Appeal 28 USC 158
[ ] 423 Withdrawal 28 USC 157

[ ] 441 Voting
[ ] 442 Employment
[ ] 443 Housing/Accommodations
[ ] 444 Welfare
[ ] 445 American with Disabilities - Employment
[ ] 446 American with Disabilities - Other
[ ] 440 Other Civil Rights

[ ] 510 Motions to Vacate Sentence Habeas Corpus
[ ] 530 General
[ ] 535 Death Penalty
[ ] 540 Mandamus/Other
[ ] 550 Civil Rights
[ ] 555 Prison Condition

[ ] 610 Agriculture
[ ] 620 Other Food & Drug
[ ] 625 Drug Related Seizure of Property 21 USC 881
[ ] 630 Liquor Laws
[ ] 640 R.R. & Truck
[ ] 650 Airline Regs
[ ] 660 Occupational Safety/Health
[ ] 690 Other

[ ] 710 Fair Labor Standards Act
[ ] 720 Labor/Mgmt. Relations
[ ] 730 Labor/Mgmt. Reporting & Disclosure Act
[ ] 740 Railway Labor Act
[ ] 790 Other Labor Litigation
[ ] 791 Empl. Ret. Inc. Security Act

[ ] 820 Copyrights
[ ] 830 Patent
[ ] 840 Trademark

[ ] 861 HIA (1395ff)
[ ] 862 Black Lung (923)
[ ] 863 DIWC/DIWW (405(g))
[ ] 864 SSID Title XVI
[ ] 865 RSI (405(g))

[ ] 870 Taxes (U.S. Plaintiff or Defendant)
[ ] 871 IRS - Third Party 26 USC 7609

CV10 8396

**FOR OFFICE USE ONLY:** Case Number: ____________

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**



BY FAX

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? [X] No [ ] Yes

If yes, list case number(s):

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? [X] No [ ] Yes

If yes, list case number(s):

**Civil cases are deemed related if a previously filed case and the present case:**

(Check all boxes that apply)
[ ] A. Arise from the same or closely related transactions, happenings, or events; or
[ ] B. Call for determination of the same or substantially related or similar questions of law and fact; or
[ ] C. For other reasons would entail substantial duplication of labor if heard by different judges; or
[ ] D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
[ ] Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Sweden |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
[ ] Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

*** Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): Graham B. LippSmith **Date** 11/2/10

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |