MARTY O'TOOLE (SBN 163651)
Marty@MartyOToole.com
LAW OFFICE OF MARTY O'TOOLE
1999 Avenue of the Stars, Suite 1100
Los Angeles, CA 90067
Telephone: (310) 888 4000
Facsimile:   (310) 356 4688

Attorney for Specially-Appearing Defendant
Jason Barnes

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| ANDREAS CARLSSON PRODUCTIONS, AB, a Swedish Corporation, and ANDREAS CARLSSON, an individual. | Case No. CV 10-8396-CAS  (CWx) |
| Plaintiffs | The Honorable Christina A. Snyder |
| vs. | **MEMORANDUM IN SUPPORT OF MOTION OF SPECIALLY APPEARING DEFENDANT JASON BARNES TO DISMISS FOR LACK OF PERSONAL JURISDICTION PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(1) and 12 (b) 6** |
| JASON BARNES, p/k/a/ JAZAN WILD, an individual, and DOES 1-10, | |
| Defendants. | Courtroom: 5<br>Date:  February 28, 2011<br>Time: 10:00 a.m. |

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## **TABLE OF CONTENTS**

**Page(s)**

INTRODUCTION …………………………………………….…..5

STATEMENT OF FACTS…………………………………………..… 6

ARGUMENT………………………………………………………….. 7

I.      Court Lacks Federal Jurisdiction Over Barnes pursuant to 12(b) (1)… . . .…. 8

II.     The Court Federal Jurisdiction Over Barnes pursuant to (12 (b) (6) ……..… 11

        A

CONCLUSION ……………………………………………….. 11

## **TABLE OF AUTHORITIES**

**Page(s)**

### **CASES**

*Bank One, Texas N.A. v. Montle,*

        (1st Cir. 1992) 964 F2d 48, 53.  . . . . . . . . . . . . . . . . .. . . . . . .. . . . . . . . . 12

*Cosmetic Ideas, Inc. v. IAC/Interactivecorp,*

        606 F.3d 612, 619 (9th Cir. 2010). . . . . . . . . . . . . . . . . . . .. . .. . . . 10

*Dole Food Co. v. Watts*,

        303 F.3d 1104, 1108 (9th Cir. 2002).  . . . . . . . . . . . . ...  . . . . . . . 7

*Kokkonen v. Guardian Life Ins. Co. of America,*

        (1994) 511 US 375, 377   (1994);).  . . . . . . . . . . . . . . . . . . . . . . . . . .7

*Kantor v. Wellesley Galleries Ltd.*,

    (9th Cir. 1983) 704 F2d. 1088, 1092. . . . . . . . . . . . . . . . . . . . . . . . . . . . .. .. .. . 8

*La Resolana Architects, PA v. Clay Realtors Angel Fire)*,

    416 F.3d 1195 (10th Cir. 2005) . . . . . . . . . . . . . . . . . . . . .. . . ......... 10

*McNutt v. General Motors Accept. Corp. of Indiana*,

    298 US 178, 189 (1936) . . . . . . . . . . . . . . . . . . . .. . . . . . . . . . . . . . . . . . . . .11

*Mutuelles Unies v. Kroll & Linstrom*,

    (9th Cir. 1992) 957 F2d 707, 711. . . . . . . . . . . . . . . . . . . . . . . . .. . .. . .. 11

*Raphael v. Hertzberg*,

    (CD CA 1979) 470 F. Supp. 984, 986. . . . . . . . . . . . . . . . . . . . .. . . . . . .11

*Roberts v. Corrothers*,

    812 F. 2d 1173, 1177 (9th Cir. 1987). . . . . . . . . . . . . . . . . . . . . . . .. . .. .. 8

*Romero v. International Termianl Operating Co.*,

    (1959) 358 US 354, 381.. . . .. . . . . . . . . . . . . . . . .. . . . . . . . . . . . . . . . .. . 12

*Savage v. Glendale Union High School*,

    (9th Cir. 2003) 343 F3d 1036, 1039, fn. 2. . . . . . . . . . . . . . . . . . . . . . . . ... 10

*Sheehan v. Gustafson*,

    (8th Cir. 1992) 967 f2d 1214, 1215.. . . . . . . . . . . . . . . . . . . . . . . . . . ... . .. 8

*Stock West, Inc. v. Confederated Tribes*,

    873 F.2d 1221, 1225 (9th Cir. 1989) . . . . . . . . . . . . . . . . . . . . . . . 7

*Warren v. Fox Family Worldwide, Inc.*,

    (9th Cir. 2003) 328 F3d 1136.. . . . . . . . . . . . . . . . . . . . . . . .. . . . . . . . . . . 9

*Whisnant v. United States*,

    400 F.3d 1177, 1179 (9th Cir. 2005). . . . . . . . . . . . . . . . . . . . . . .. .. . . . .8

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**<u>INTRODUCTION</u>**

In this action, Plaintiff Andreas Carlsson is portrayed as an accomplished songwriter, having worked with the likes of Britney Spears, N'Sync and Bon Jovi. Carlsson, through his production company, Plaintiff Andreas Carlsson Productions A.B., (collectively "Carlsson") engaged California resident Defendant Jason Barnes (p/k/a Jazon Wild) ("Barnes"), beginning in 2006, to complete creative works with Carlsson.   Carlsson complains that after Barnes completed this work, Barnes impermissibly complained to others that Carlsson had not fulfilled his duties and obligations under the contract.  Carlsson further complains that Barnes infringed on Carlsson's copyright, and seeks declaratory judgment under the Copyright Act, declaratory relief under the Declaratory Judgments Act, and claims defamation, intentional interference with prospective economic relations, and negligent interference with prospective economic relations.

Unknown is whether Carlsson registered the instant copyrights with the Copyright Office and, if so, whether said registration was accomplished prior to filing the instant action, and whether sufficient diversity exists between the instant parties to allow for federal jurisdiction.   Unknown is where Carlsson, the individual, is domiciled, whether he has dual citizenship, and where Carlsson, the production company, has its principle place of business, and whether the production company is a

1  mere alter ego of Carlsson, the individual.

2      Because the complaint fails to sufficiently allege the basis for federal jurisdiction

3

4  *vis a vis* defendant Barnes, the Court should dismiss the claims against defendant

5  Barnes.

6

7                            **STATEMENT OF FACTS**

8      Plaintiff Andreas Carlsson is allegedly a resident of Sweden (Compl. ¶ 7).

9

10     Plaintiff Andreas Carlsson Production AB is alleged to be a Swedish corporation

11 "having a place of business in Sweden." (Compl. ¶ 6).

12     Defendant Jason Barnes is publicly known as "Jazan Wild". (Compl. ¶ 8).

13

14     From late 2006, Barnes began working with Carlsson, after meeting with Carlsson

15 in California.   In February 2, 2007, it is alleged that a written agreement was signed

16

17 between Barnes and Carlsson (on behalf of Andreas Carlsson Production A.B.), which

18 allegedly called for Barnes to complete a "treatment" of *DANDY, Welcome to a*

19

20 *Dandyworld*, and to do so as a "work-made-for-hire," with language in the written

21 agreement that allegedly stated: "in the event the Treatment is substantially used in the

22

23 production of a comic book or other literary work, you shall receive credit substantially

24 in the form of: 'Created by Andreas Carlsson and Jazan Wild' The size and placement of

25 such credit shall be on a 'most favored nations' basis with Andreas Carlsson's aforesaid

26

27 'created by' credit."  (Compl. ¶ 3, 17; BarnesDec  ¶ 2).   The parties to the February 2,

28 2007 agreement allegedly executed an amendment to this agreement in September 2007

---

concerning additional work on subsequent graphic novels. (Compl. ¶ 21).

There is no mention in the complaint about obtaining federal registered copyright for the creative material said to be at issue.

Plaintiffs complain that Barnes contacted third parties complaining that Carlsson had stolen Barnes story when Carlsson wrote a novel *Andreas Carlsson Dandy*, (Compl. ¶¶ 4, 23), and that Barnes impermissibly emailed the publisher of the novel demanding credit and royalty payments because the novel substantially incorporated Barnes' work. (Compl. ¶ 25)

Barnes allegedly, then, refused to back down from his assertions and on November 4, 2011, Andreas Carlsson and Andreas Carlsson Productions AB, filed a federal Complaint, alleging copyright infringement, defamation, declaratory relief, intentional interference with prospective economic relations, and negligent interference with prospective economic relations.

## ARGUMENT

It is a fundamental legal principle that federal courts are courts of limited jurisdiction. "A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock West, Inc. v. Confederated Tribes*, 873 F.2d 1221, 1225 (9th Cir. 1989) (internal citation omitted). Lack of subject matter jurisdiction may be raised *sua sponte* by the Court or by any party at any time, and it is never waived. 3 See Fed. R. Civ. P. 12(h)(3). Furthermore, the plaintiff "always bears

the burden of establishing subject matter jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of America* (1994) 511 US 375, 377; *Stock West*, 873 F.2d at 1252.   As the proponent of jurisdiction, Carlsson bears the burden of demonstrating that the court possesses jurisdiction.  *Dole Food Co. v. Watts*, 303 F.3d 1104, 1108 (9th Cir. 2002). Courts have further limited diversity jurisdiction by construing the diversity statutes strictly.   Any doubts as to whether jurisdiction exists is normally resolved against a finding of such jurisdiction   *See: Kantor v. Wellesley Galleries Ltd.* (9th Cir. 1983) 704 F2d. 1088, 1092; *Sheehan v. Gustafson* (8th Cir. 1992) 967 f2d 1214, 1215.

For purposes of a motion to dismiss for lack of subject matter jurisdiction, the factual allegations of the complaint are presumed to be true and all reasonable inferences are to be made in favor of the plaintiff.  See *Whisnant v. United States*, 400 F.3d 1177, 1179 (9th Cir. 2005).  Furthermore, in a Rule 12(b)(1) motion, a court may consider extrinsic evidence.  See *Roberts v. Corrothers* 812 F. 2d 1173, 1177 (9th Cir. 1987).  If evidence is disputed, a court may weigh the evidence in order to determine whether it has the power to hear the case.  *Id*.  ("[T]he existence of disputed material facts will not preclude the court from evaluating for itself the merits of jurisdictional claims.").

///

///

A.   **Plaintiffs Have Failed Failure to Establish Subject Matter Jurisdiction -- Federal Question (Copyright Infringement); (Rule 12 (b) (1)**

A Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction may be made on the basis that the complaint fails to allege grounds for federal subject matter jurisdiction as required by Rule 8(a).  *Warren v. Fox Family Worldwide, Inc*. (9th Cir. 2003) 328 F3d 1136.

Section 411 of the Copyright Act of 1976 ("Copyright Act" or "Act") provides in pertinent part that no civil action for copyright infringement can be instituted until preregistration or registration of the copyright claim has been made.  17 U.S.C. § 411(a).  Registration may be obtained by delivering the required materials to  the Copyright Office.  17 U.S.C. § 408(a) .  After the Copyright Office determines that the deposited materials are copyrightable, it will register the claim and issue a certificate of registration.  17 U.S.C. § 410(a).  The Copyright Office may also refuse to register the copyright.  17 U.S.C. § 410(b).  If the Copyright Office rejects registration, a copyright holder may initiate an infringement action if proper notice is served to the Copyright Office.  17 U.S.C. § 411(a).  Then, the Copyright Office may become  a party to the action on the issue of registrability.  *Id.*

Though  copyright registration is not a condition for copyright protection, it is required to initiate a copyright infringement action.  17 U.S.C. § 411(a).  Congress created this as a statutory incentive to encourage copyright holders to register their copyrights and

thus create a robust federal register of existing copyrights.  *Cosmetic Ideas, Inc. v. IAC/Interactivecorp*, 606 F.3d 612, 619 (9th Cir. 2010).

While it is undisputable that registration is a mandatory prerequisite to filing a copyright infringement action, the Act does not explicitly define "registration" and, thus, is unclear when this requirement is satisfied.  *See* 17 U.S.C. § 101; *e.g.*, *Cosmetic Ideas, Inc., v. IAC/Interactivecorp*, 606 F.3d 612, 615 (9th Cir. 2010).  A split among United States Court of Appeals Circuits exists as to whether registration occurs when the Office receives a completed application or after the Office has acted on the application.  *See La Resolana Architects, PA v. Clay Realtors Angel Fire*, 416 F.3d 1195 (10th Cir. 2005) with the Ninth Circuit adopting the "application approach," which finds that registration occurs upon receipt of a completed application. *Cosmetic*, 606 F.3d at 621.   But, here, we do not know if and when any application was received by the Copyright Office—as no indication is provided in the complaint  (nor provided upon request of Defendants), and no registration appears to be listed by the Copyright Office.   (MartyO'TooleDec. ¶ 2)

Plaintiffs must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction *Savage v. Glendale Union High School* (9th Cir. 2003) 343 F3d 1036, 1039, fn. 2.

Without establishing a sufficient basis for jurisdiction, the court lacks jurisdiction over Barnes and should, accordingly, dismiss all federal claims against Barnes, or, more specifically, the copyright-infringement-related claims, unless and until the requisite

registration has been sufficiently established by Plaintiffs.

**B.     Plaintiffs Rule12 (b) 6) Failure to State a Federal Claim re: Requisite Diversity Jurisdiction**

Plaintiff as the party invoking federal diversity jurisdiction bears the burden of proving the requisite complete diversity.   *Adams v. Bain* (4th Cir. 1982) 697 F2d 1213, 1219.  Even if defendant has not challenged plaintiff's allegations of diversity of citizenship, "the court may still insist that the jurisdictional facts be established . . . by a preponderance of the evidence." *McNutt v. General Motors Accept. Corp. of Indiana* (1936) 298 US 178, 189.   Failure to establish the requisite diversity goes to the merits of the claim and is appropriately challenged under Rule 12 (b) (6).  Aliens lawfully admitted into the United States for permanent residence are treated as citizens for diversity purposes. 28 USC § 1332(a)  A naturalized citizen of the U.S. may not assert his or her foreign citizenship at birth to meet the requirements of alienage jurisdiction *Raphael v. Hertzberg* (CD CA 1979) 470 F. Supp. 984, 986.  An individual who is a U.S. Citizen and also a citizen of a foreign country is treated as a citizen of American state in which he is domiciled for diversity purposes.  *Mutuelles Unies v. Kroll & Linstrom* (9th Cir. 1992) 957 F2d 707, 711.  For diversity purposes, residence alone is not enough. Domicile is determinive. *Bank One, Texas N.A. v. Montle* (1st Cir. 1992) 964 F2d 48, 53.   Here, we do not know if Plaintiff Andreas Carlsson is domiciled in California or in Sweden.   The Complaint alleges that Carlsson is a resident of Sweden.

Similarly, the complaint does not indicate Carlsson's immigration status, but Carlsson apparently has residences in California, spends much time in California, has work addresses for his production company, Andreas Carlsson Production AB, here in California.   Similarly, no indication is made as to whether the principle place of business for the production company is Hollywood --or whether the "production company" is a mere alter ego for Mr. Carlsson.

Absent complete diversity, an independent basis for federal jurisdiction is required (i.e., a federal question) in order to maintain the action against nondiverse parties in federal court. *See Romero v. International Termianl Operating Co.* (1959( 358 US 354, 381.

## CONCLUSION

For the foregoing reasons, the Court should dismiss the claims against Barnes for lack of sufficient jurisdiction and to grant such other further relief as the Court deems just.

Dated this 30th day of January 2011.

/s/Marty O'Toole
Law Office of Marty O'Toole
Attorney for Specially Appearing
Defendant Jason Barnes