GIRARDI | KEESE
Thomas V. Girardi, SBN 36603
tgirardi@girardikeese.com
Graham B. LippSmith, SBN 221984
glippsmith@girardikeese.com
1126 Wilshire Boulevard
Los Angeles, CA 90017
Telephone: (213) 977.0211
Facsimile: (213) 481.1554

Milord A. Keshishian, SBN 197835
milord@milordlaw.com
John G. Jahrmarkt, SBN 175569
john@milordlaw.com
MILORD & ASSOCIATES, P.C.
2049 Century Park East, Suite 3850
Los Angeles, CA 90067
Telephone: (310) 226-7878
Facsimile: (310) 226-7879

Attorneys for Plaintiffs
ANDREAS CARLSSON PRODUCTION A.B.
ANDREAS CARLSSON

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREAS CARLSSON PRODUCTION A.B., a Swedish Corporation, and ANDREAS CARLSSON, an individual,<br><br>Plaintiffs,<br><br>vs.<br><br>JASON BARNES p/k/a JAZAN WILD, an individual, and DOES 1-10,<br><br>Defendants. | CASE NO. CV-10-8396-CAS (CWx)<br><br>Honorable Christina A. Snyder<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**<br><br>Hearing Date: February 28, 2011<br>Time: 10:00 am<br>Courtroom: 5 |

# TABLE OF CONTENTS

I.   INTRODUCTION..................................................................................2

II.   LEGAL STANDARD............................................................................3

III.  FACTUAL ALLEGATIONS..................................................................3

IV.  ARGUMENT.........................................................................................5

    A.   Federal Question Jurisdiction....................................................5

    B.   Diversity Jurisdiction.................................................................6

V.   CONCLUSION......................................................................................9

**Plaintiffs' Opposition to Defendant's Motion to Dismiss**

## TABLE OF AUTHORITIES

**CASES**

*Bailey v. Grand Trunk Lines New England,*
    805 F.2d 1097 (2nd Cir. 1986)..................................................................8

*Cosmetic Ideas, Inc. v. IAC,*
    606 F.3d 612 (9th Cir. 2010)....................................................................6

*Danjaq, S.A. v. Pathe Communications Corp.,*
    979 F.2d 772 (9th Cir. 1992)....................................................................8

*Dole Food Co. v. Watts,*
    303 F.3d 1104 (9th Cir. 2002)..................................................................3

*Giannakos v. M/V Bravo Trader,*
    762 F.2d 1295 (5th Cir. 1985)..................................................................7

*Hertz v. Friend,*
    130 S.Ct. 1181 (2010).........................................................................8,9

*Reed Elsevier, Inc. v. Muchnick,*
    130 S.Ct. 1237 (2010)...........................................................................5

*Roberts v. Corrothers,*
    812 F.2d 1173 (9th Cir. 1987)..................................................................3

*United Mine Workers v. Gibbs,*
    383 U.S. 715 (1966)..............................................................................6

*Whisnant v. United States,*
    400 F.3d 1177 (9th Cir. 2005)..................................................................3

**Plaintiffs' Opposition to Defendant's Motion to Dismiss**

**STATUTES**

8 U.S.C. § 1101 ....................................................................................................7
8 U.S.C. § 1153 ....................................................................................................7
17 U.S.C. § 411 ....................................................................................................5
28 U.S.C.§ 1331 ...................................................................................................2
28 U.S.C. § 1332 ...........................................................................................2, 7-9
28 U.S.C. § 1367 ..................................................................................................2

8 C.F.R. § 214.2 ...................................................................................................7

**TREATISES**

James Wm. Moore, Moore's Federal Practice (3rd ed. 2010) ..........................7-9

# I. INTRODUCTION

The present Motion to Dismiss for lack of subject matter jurisdiction (erroneously titled as one for the "lack of personal jurisdiction") is premised on the erroneous assertion that a review of the Complaint leaves unanswered or "unknown . . . whether [Plaintiffs] registered the instant copyrights with the Copyright Office and, if so, whether said registration was accomplished prior to filing the instant action, and whether sufficient diversity exists between the instant parties to allow for federal jurisdiction."[1]  (Mot. Dismiss at 4).  Any fair reading of the Complaint makes clear that there are no "unknowns" about whether a copyright application was filed with the United States Copyright Office for the affected works before the instant suit was filed – such applications *were* indeed filed beforehand.  The presence of the Declaratory Relief and copyright infringement claims provide this Court with federal question jurisdiction under 28 U.S.C. § 1331 and allows for supplemental jurisdiction to be exercised over the attendant state law claims under 28 U.S.C. § 1367.  As a result, this Court's jurisdiction over the instant matter is not tied to or otherwise dependent upon the existence of diversity jurisdiction.  Although not critical to the resolution of the present motion, it is nonetheless also clear that neither Plaintiff Andreas Carlsson nor Andreas Carlsson Production A.B. are citizens of California (like Defendant) but are foreign citizens of Sweden, and thus to the extent diversity of citizenship is necessary it does exists in this case pursuant to 28 U.S.C. § 1332(a)(2).  Accordingly, the Court should deny Defendant's Motion to Dismiss.

---

[1] Oddly, the caption to Defendant's Motion to Dismiss likewise provides that Defendant is only "specially appearing," a vestigial concept no longer needed that was used when a defendant was challenging a court's personal jurisdiction over them not challenges to a court's jurisdiction over the subject matter of the suit itself.

**Plaintiffs' Opposition to Defendant's Motion to Dismiss**

## II. LEGAL STANDARD

As Defendant correctly notes in the Motion to Dismiss, Plaintiffs' bear the burden of proof of establishing the existence of the Court's subject matter jurisdiction over the instant matter. *See Dole Food Co. v. Watts*, 303 F.3d 1104, 1108 (9th Cir. 2002). Likewise, for purposes of determining whether this Court possess subject matter jurisdiction the factual allegations contained in the Complaint must be presumed as true and all reasonable inferences drawn from those facts should be made in favor of Plaintiffs. *See Whisnant v. United States*, 400 F.3d 1177, 1179 (9th Cir. 2005). Moreover, extrinsic evidence may be presented to and considered by the Court in evaluating whether subject matter jurisdiction exists. *See Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987).

## III. FACTUAL ALLEGATIONS

The predicate facts necessary for resolution of the present motion are simple and straightforward: Plaintiff Andreas Carlsson Production, A.B. ("ACP") is the author of four works – The Treatment; DANDY, Welcome to a Dandyworld; DANDY: Step Into the Krazy Life; and DANDY: All Hail to The King – for which it "filed separate copyright registration applications for each of said works." (Compl. ¶ 36). So there is no question as to the otherwise clear import of the factual allegations contained in the Complaint, attached to this Opposition are the copyright applications filed with the United States Copyright Office that unequivocally demonstrates that they were filed *before* the instant lawsuit was instituted. Specifically, the copyright application to the work "Dandy: All Hail to The King" was filed on October 27, 2010, at 5:29 pm.; the copyright application to the work "Dandy: Step into the Krazy Life" was filed on October 26, 2010, at 5:37 p.m.; the copyright application to the work "Dandy: Welcome to a Dandyworld" was filed on

**Plaintiffs' Opposition to Defendant's Motion to Dismiss**

October 26, 2010, at 6:06 p.m.; and the copyright application to the work "Dandyworld Graphic Novel Treatment" was filed on October 27, 2010, at 6:42 p.m. (Decl. Milord Keshishian ¶¶ 4-7).

ACP is a Swedish company with its "place of business in Sweden," (Compl. ¶ 6), and whose headquarters in Sweden serves as the primary place where the companies' business is directed and conducted. (Decl. Deborah Mulvhill ¶¶ 5-6). Although ACP has a mailing address located in California, it consists of nothing more than a post office box. (Decl. Deborah Mulvhill ¶ 7). Plaintiff Andreas Carlsson is a Swedish national who resides at a home located in Stockholm, Sweden. (Compl. ¶ 7; Decl. Deborah Mulvhill ¶¶ 2-3). Andreas Carlsson also has a home located in California, which he uses when he is in the United States working on business matters related to his musical, literary, and entertainment career. (Decl. Deborah Mulvhill ¶ 2). To that end, Andreas Carlsson has been issued a O-1 Visa that permits him temporary entry into the United States. (Decl. Deborah Mulvhill ¶ 2). Moreover, Andreas Carlsson resides at his home in the United States for less time than he does at his home in Sweden. (Decl. Deborah Mulvhill ¶ 3). Indeed, Mr. Carlsson has not been in the United States since September, 2010. (Decl. Deborah Mulvhill ¶ 3).

Defendant Jason Barnes, on the other hand, does reside in this District. Plaintiffs contracted with Defendant in 2007 to provide on a work-for-hire basis storyboards for graphic novels of Andreas Carlsson's life story that later become embodied in the four works. It is alleged that Defendant later published without permission certain material on his website that infringed the copyright in ACP's four works, which Defendant then made defamatory statements to the Swedish press and to the prospective publisher of Andreas Carlsson's novel "Andreas Carlsson Dandy", and engaged in further activity that interfered with Plaintiffs relations with the prospective publisher

and others. After attempts to secure Defendant to desist in his infringing and tortious behavior proved to "no avail," (Compl. ¶ 5), a Complaint was filed by Plaintiffs with this Court on November 4, 2010, setting forth federal claims for copyright infringement of the four works and for declaratory relief that ACP is sole owner of the copyright to the four works, as well as state law claims for breach of contract, declaratory relief as to the parties' respective rights under their contracts, defamation, and for negligent and intentional interference with Plaintiffs' prospective economic relations with the publisher to the novel "Andreas Carlsson Dandy."

## IV. ARGUMENT

**A.  Federal Question Jurisdiction**

The basis for this Court possessing federal question jurisdiction over the instant matter is through Plaintiffs' claims for copyright infringement of the four works in question and seeking declaratory relief that ACP is the sole owner to the copyright in said works. Understanding that the existence of these claims clearly confers federal question jurisdiction, Defendant argues that the copyright claim (and thus presumably derivatively the Declaratory Relief claim) is defective because there is no indication when and if any application for registering the copyright to the four works "was received by the Copyright Office." (Mot. Dismiss at 9). The focus on the temporal existence of such an application is built on the 1976 Copyright Act making the "registration" of a copyright in a work a prerequisite to bringing an infringement action with respect to that work. *See* 17 U.S.C. § 411(a); *see also Reed Elsevier, Inc. v. Muchnick*, 130 S. Ct. 1237, 1241 (2010)(noting that "section 411(a)'s registration requirement is a pre-condition to filing a claim," but that it does "not restrict a federal court's subject-matter jurisdiction"). The Ninth Circuit has interpreted section 411(a)'s reference to "registration" as signifying when "the copyright holder's *application*

is received by the Copyright Office," irrespective of the Copyright Office's issuance of a registration certificate. *Cosmetic Ideas, Inc. v. IAC/InteractiveCorp.*, 606 F.3d 612, 615 (9th Cir. 2010)(emphasis added).

With the import of the allegations in the Complaint (bolstered, albeit unnecessarily, by the exhibits and declarations attached hereto), there can be no question that there is federal question subject matter jurisdiction to entertain Plaintiffs' copyright infringement and declaratory relief claims, thereby supplying the Court with federal question subject matter jurisdiction over those claims and providing supplemental jurisdiction over the related state law claims. The Complaint clearly states that ACP had "filed separate copyright registration applications for each of said works." (Compl. ¶ 36). Given that the allegation is written in the past tense there can be no doubt that said applications were filed preceding the filing of the Complaint. This unmistakable reading of the Complaint itself is confirmed by the applications themselves which have been submitted by Plaintiffs for the Court's consideration of the present motion. All the applications were filed *before* the instant lawsuit was filed. This information as well as the allegation in the Complaint clearly establishes that Plaintiffs' copyright infringement and Declaratory Relief claims are not defective and therefore this Court has federal question jurisdiction over this matter and can exercise supplemental jurisdiction over the attending state law claims. *See United Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966)(" But if . . . a plaintiff's claims are such that he would ordinarily be expected to try them all in one judicial proceeding, then, assuming substantiality of the federal issues, there is power in federal courts to hear the whole").

**B.     Diversity Jurisdiction**

**Plaintiffs' Opposition to Defendant's Motion to Dismiss**

  Out of an abundance of caution, the Complaint contains further allegations and Plaintiffs have provided additional evidence in support of this Opposition that demonstrates that this Court also possess, if necessary (and it is not, *see supra*), diversity jurisdiction over the case.

  28 U.S.C. § 1332(a)(2) provides for the existence of diversity jurisdiction for suits "between citizens of a State and citizens or subjects of a foreign state." Here, there is no dispute that Andreas Carlsson is a foreign national who is a citizen of Sweden. Instead, Defendant seeks to draw significance from the fact that Mr. Carlsson has a residence located in California that he stays at from time to time. Such a focus is improper. "If an alien is a citizen of a foreign state, the fact that the person may be residing in the United States is irrelevant unless the alien has received permanent resident status under the United States immigration law." 15 JAMES WM. MOORE, MOORE'S FEDERAL PRACTICE § 102.74 (3rd ed. 2010)(citing *Giannakos v. M/V Bravo Trader*, 762 F.2d 1295, 1298 (5th Cir. 1985)). It was for this reason that Congress amended section 1332 in 1988 to make clear that only foreign nationals who have been "admitted to the United States for permanent residence" are considered "a citizen of the State in which such alien is domiciled." 28 U.S.C. § 1332(a); *see also* 15 MOORE'S FEDERAL PRACTICE § 102.78.

  Here, Andreas Carlsson has been permitted entry into the United States through a designation by the United States Citizenship and Immigration Services that he is an artist of extraordinary abilities thereby granting him a temporary "O-1" visa pursuant to 8 U.S.C. § 1101(a)(15)(O)(1). *Compare* 8 U.S.C. § 1101(a)(46) and 8 C.F.R. § 214.2(o)(1)(ii)(A) (noting that "O" visas are "temporary") *with* 8 U.S.C. 1153(b)(1)(A) (discussing "permanent" visas). Given that Andreas Carlsson is not a permanent resident alien, the fact that he may have a home in

California is of no consequence for purposes of the diversity statute and he is to be treated under section 1332(a)(2) as a citizen of Sweden.

Likewise, the allegations in the complaint and the supplementary information attached to this Opposition clearly demonstrate that ACP is not a citizen of California. Section 1332(c)(1) clearly sets forth the parameters for determining the citizenship of a corporation, providing that "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." That ACP is a foreign company does not change or alter this analysis. "[T]he rule for corporate state citizenship set forth in section 1332(c) applies to an 'alien' corporation, that is, a corporation that is incorporated under the laws of a foreign country only. In other words, an alien corporation that has a principal place of business in the United States is deemed a citizen of both the country in which it has been incorporated and the state in which it has its principal place of business." 15 MOORE'S FEDERAL PRACTICE § 102.55 (citing *Danjaq, S.A. v. Pathe Communications Corp.*, 979 F.2d 772, 774 (9th Cir. 1992)).

Here, the Complaint clearly spells out that ACP is incorporated under the laws of Sweden. Given this allegation, the only remaining question is the location of the company's *worldwide* principal place of business. *See* 15 MOORE'S FEDERAL PRACTICE § 102.55 ("For purposes of the dual citizenship rule, it is the alien corporation's *worldwide* principal place of business, not its principal place of business within the United States, that is considered. If the corporation's worldwide principal place of business is in a foreign country, the corporation is simply deemed an alien" (emphasis in original) (citing *Bailey v. Grand Trunk Lines New England*, 805 F.2d 1097, 1100-01 (2nd Cir. 1986))). The Supreme Court recently made clear in *Hertz Corp. v. Friend*, 130 S. Ct. 1181 (2010), that the proper test for determining a corporation's principal place of business

is through use of the "nerve center test" which focuses on "where the corporation's high level officers direct, control, and coordinate the corporation's activities." MOORE'S FEDERAL PRACTICE § 102.54. Here, there is unequivocal evidence that ACP's headquarters is in Sweden and that its business activities are primarily conducted and directed from Sweden. "In practice, it will usually be the place where the corporation maintains its headquarters" that is considered the principal place of business, "[h]owever, if the record reveals attempts at manipulation, such as an alleged 'nerve center' that 'is nothing more than a mail drop box,'" then that location should not be considered. *Id.* (quoting *Hertz*, 130 S. Ct. at 1196). This is precisely what Defendant seeks to accomplish in this case, but in reverse. Defendant attempts to draw significance from a mail drop box used by ACP to collect correspondence as the supposed 'nerve center' for the company. If such false nerve centers are not sufficient for a plaintiff to establish a corporation's principal place of business, the same applies equally to attempts by a defendant to defeat diversity jurisdiction.

## V. CONCLUSION

Given that Plaintiffs filed the application for the copyright to the affected works before the instant suit was filed, the federal claims for copyright infringement and declaratory relief are sufficient to confer federal question jurisdiction to this Court and thus provide supplemental jurisdiction over the state law claims. Although unnecessary for resolution of the present motion, the allegations in the Complaint and the evidence submitted in support of this Opposition likewise clearly demonstrate that both Plaintiffs are to be treated as citizens of Sweden and thus diversity jurisdiction also exists in this matter under 1332(a)(2). Accordingly, however analyzed Defendant's Motion to Dismiss should be denied.

Plaintiffs' Opposition to Defendant's Motion to Dismiss

Dated: February 7, 2011

Respectfully submitted,

By: /s/ Graham B. LippSmith
Graham B. LippSmith
GIRARDI | KEESE
1126 Wilshire Blvd.
Los Angeles, CA 90017

Attorney for Plaintiffs

**Plaintiffs' Opposition to Defendant's Motion to Dismiss**