UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-8396 CAS (CWx) | Date | February 22, 2011 |
|---|---|---|---|
| Title | ANDREAS CARLSSON PRODUCTIONS, AB; ET AL. v. JASON BARNES, ETC. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| CATHERINE JEANG | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:** (In Chambers:) SPECIALLY APPEARING DEFENDANT JASON BARNES'S MOTION TO DISMISS (filed 1/30/11)

The Court finds this motion appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local Rule 7-15. Accordingly, the hearing date of February 28, 2011, is hereby vacated, and the matter is hereby taken under submission.

**I.   INTRODUCTION**

On November 4, 2010, plaintiffs Andreas Carlsson Productions, AB ("ACPA") and Andreas Carlsson filed a complaint in the instant action against defendant Jason Barnes ("Barnes") alleging that Barnes entered into a work-for-hire agreement with Plaintiffs to co-author a treatment for a comic book and three subsequent graphic novels based on Plaintiff's life story. Compl. ¶¶ 3, 20, 21. Plaintiffs further allege that ACPA owns the copyrights to each of the works ("the Four Works"). Id. Related to these alleged facts, plaintiffs allege claims for : (1) copyright infringement pursuant to 17 U.S.C. § 501; (2) declaratory judgment with respect to copyright ownership; (3) breach of contract; (4) declaratory judgment with respect to contract rights; (5) defamation; (6) intentional interference with prospective economic relations; (7) negligent interference with prospective economic relations.

On January 30, 2011, defendant filed the instant motion to dismiss for lack of subject matter jurisdiction.[1] On February 7, 2011, plaintiffs filed an opposition to

---

[1]Defendant's motion is noticed as "Motion of Specially Appearing Defendants Angelo Peter Demitro, Creative Graphic Programming (CGP), and Walter Lucas to Dismiss for Lack of Personal Jurisdiction Pursuant to Federal Rule of Civil Procedure 12(B)(1) and 12(B)(6)."  This title appears to be in error, as these defendants are not

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-8396 CAS (CWx) | Date | February 22, 2011 |
|---|---|---|---|
| Title | ANDREAS CARLSSON PRODUCTIONS, AB; ET AL. v. JASON BARNES, ETC. | | |

defendant's motion.  Having carefully considered the parties' arguments, the Court finds and concludes as follows.

## II.    LEGAL STANDARD

A motion to dismiss an action pursuant to Fed. R. Civ. P. 12(b)(1) raises the question of the federal court's subject matter jurisdiction over the action.  The objection presented by this motion is that the court has no authority to hear and decide the case.  This defect may exist despite the formal sufficiency of the allegations in the complaint.  See T.B. Harms Co. v. Eliscu, 226 F. Supp. 337, 338 (S.D. N.Y. 1964), aff'd 339 F.2d 823 (2d Cir. 1964) (the formal allegations must yield to the substance of the claim when a motion is filed to dismiss the complaint for lack of subject matter jurisdiction).  When considering a Rule 12(b)(1) motion challenging the substance of jurisdictional allegations, the Court is not restricted to the face of the pleadings, but may review any evidence, such as declarations and testimony, to resolve any factual disputes concerning the existence of jurisdiction.  See McCarthy v. United States, 850 F.2d 558, 560 (9th Cir. 1988).

The burden of proof in a Rule 12(b)(1) motion is on the party asserting jurisdiction.  See Sopcak v. N. Mountain Helicopter Serv., 52 F.3d 817, 818 (9th Cir. 1995); Ass'n of Am. Med. Coll. v. United States, 217 F.3d 770, 778-79 (9th Cir. 2000).  If jurisdiction is based on a federal question, the pleader must show that he has alleged a claim under federal law and that the claim is not frivolous.  See 5B Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure, § 1350, pp. 211, 231 (3d ed. 2004).  On the other hand, if jurisdiction is based on diversity of citizenship, the pleader must show real and complete diversity, and also that his asserted claim exceeds the requisite jurisdictional

---

parties to the instant suit.  The memorandum in support of the motion is titled "Memorandum in Support of Motion of Specially Appearing Defendant Jason Barnes to Dismiss for Lack of Personal Jurisdiction Pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6)."  However, the Court construes the motion as a motion to dismiss for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1), as the substance of the memorandum in support of the motion exclusively consists of arguments concerning this Court's subject matter jurisdiction over the instant action, rather than its personal jurisdiction over defendant.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-8396 CAS (CWx) | Date | February 22, 2011 |
|---|---|---|---|
| Title | ANDREAS CARLSSON PRODUCTIONS, AB; ET AL. v. JASON BARNES, ETC. | | |

amount of $75,000.  See id.

### III.  DISCUSSION

Defendant argues that this case should be dismissed in its entirety because plaintiff fails to establish subject matter jurisdiction based either on a federal question or on diversity of citizenship.  Mot. at 5.  With respect to the issue of federal question jurisdiction, defendant argues that the copyright-related claims should be dismissed because plaintiffs have not shown that they registered the copyright prior to filing the infringement action.  Mot. at 9.  "[H]ere, we do not know if and when any application was received by the Copyright Office–as no indication is provided in the complaint (nor provided upon request of Defendants), and no registration appears to be listed by the Copyright Office."  Id.

With respect to the issue of diversity jurisdiction, defendant argues that plaintiffs may not be able to demonstrate complete diversity.  Id. at 10.  First, defendant argues, plaintiff Andreas Carlsson's immigration status and domicile is unclear.  Id. at 10-11. Plaintiff suggests Andreas Carlsson may not be able to demonstrate that he is not a citizen of California for purposes of diversity, as he "apparently has residences in California, spends much of his time in California, has work addresses for his production company, Andreas Carlsson Production AB, here in California."  Id. at 11.  Additionally, with respect to plaintiff Andreas Carlsson Productions, AB, defendant argues that "no indication is made [in the complaint] as to whether the principle [sic] place of business for the production company is Hollywood–or whether the 'production company' is a mere alter ego for Mr. Carlsson."  Id.

In opposition, plaintiffs argue that this Court has subject matter jurisdiction on the basis of a federal question. Opp. at 2.  " Any fair reading of the Complaint makes clear that there are no 'unknowns' about whether a copyright application was filed with the United States Copyright Office for the affected works before the instant suit was filed–such applications *were* indeed filed beforehand.  The presence of the Declaratory Relief and copyright infringement claims provide this Court with federal question jurisdiction under 28 U.S.C. § 1331 and allows for supplemental jurisdiction to be exercised over the attendant state law claims under 28 U.S. C. § 1367."  Id.  Plaintiffs argue that the complaint is clear in that it states that "ACP had 'filed separate copyright registration applications for each of said works.' (Comp. ¶ 36).  Given that the allegation

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-8396 CAS (CWx) | Date | February 22, 2011 |
|---|---|---|---|
| Title | ANDREAS CARLSSON PRODUCTIONS, AB; ET AL. v. JASON BARNES, ETC. | | |

is written in the past tense there can be no doubt that said applications were field preceding the filing of the Complaint." Id. at 6. In support of this contention, plaintiffs have submitted copies of the applications. Id., Exh. A-D to Keshishian Decl.

"Out of an abundance of caution," plaintiffs further argue that diversity jurisdiction is also proper in the instant case. Opp. at 7. With respect to plaintiff Andreas Carlsson, plaintiffs argue that "[g]iven that [he] is not a permanent resident alien, [but rather has been permitted entry into the United States via an O-1 visa], the fact that he may have a home in California is of no consequence for purposes of the diversity statute and his to be treated under section 1332(a)(2) as a citizen of Sweden." Id. at 7-8. As to plaintiff ACPA, plaintiffs argue that "the Complaint clearly spells out that [it] is incorporated under the laws of Sweden. Given this allegation, the only remaining question is the location of the company's worldwide principal place of business . . . .Here there is unequivocal evidence that [ACPA's] headquarters is in Sweden and that its business activities are primarily conducted and directed from Sweden." Id. at 8-9. Therefore, plaintiffs argue, they are both citizens of Sweden for purposes of determining diversity. As defendant is a citizen of California, plaintiffs argue that diversity jurisdiction can properly be found. Id.

The Court concludes that it has subject matter jurisdiction over the instant action based on the existence of a federal question, and therefore need not reach the question of diversity jurisdiction. The parties appear to agree that the Ninth Circuit has construed the registration requirement of section 411(a) to be satisfied when "'the copyright holder's application is received by the Copyright Office,' irrespective of the Copyright Office's issuance of a registration certificate." Opp. at 6, citing Cosmetic Ideas, Inc. v. IAC/InteractiveCorp., 606 F. 3d 612, 615 (9th Cir. 2010). The applications attached to the Keshishian Declaration indicate that the relevant applications were filed on October 26 and 27, 2010. The complaint in the instant action was filed on November 4, 2010. Therefore, the Court finds that it has federal question subject matter jurisdiction over plaintiffs' copyright claims. The Court further finds that it is proper to exercise supplemental jurisdiction over the remainder of plaintiffs' claims.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-8396 CAS (CWx) | Date | February 22, 2011 |
|---|---|---|---|
| Title | ANDREAS CARLSSON PRODUCTIONS, AB; ET AL. v. JASON BARNES, ETC. | | |

## IV.  CONCLUSION

In light of the foregoing, defendant's motion to dismiss is DENIED.

IT IS SO ORDERED.

| | 00 | : | 00 |
|---|---|---|---|
| | Initials of Preparer | CMJ | |