# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 10-8396 CAS (CWx) | Date | June 22, 2011 |
| Title | ANDREAS CARLSSON PRODUCTIONS, AB; ET AL. v. JASON BARNES, ETC. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| CATHERINE JEANG | N/A | N/A | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. | |

Attorneys Present for Plaintiffs:  Attorneys Present for Defendants:

**Proceedings:** **(In Chambers:) MOTION TO DISMISS THE COUNTERCLAIMS OF DEFENDANT JASON BARNES P/K/A JAZAN WILD PURSUANT TO RULE 12(b)(6)** (filed 4/29/11)

The Court finds this motion appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local Rule 7-15.

## I. INTRODUCTION

On November 4, 2010, plaintiffs Andreas Carlsson Productions, AB ("ACPA") and Andreas Carlsson ("Carlsson") filed a complaint in the instant action against defendant Jason Barnes ("Barnes") alleging that Barnes entered into a work-for-hire agreement with Plaintiffs to co-author a treatment for a comic book and three subsequent graphic novels based on Plaintiff's life story. Compl. ¶¶ 3, 20, 21. Plaintiffs further allege that ACPA owns the copyrights to each of the works ("the Four Works"). Id. Related to these alleged facts, plaintiffs allege claims for : (1) copyright infringement pursuant to 17 U.S.C. § 501; (2) declaratory judgment with respect to copyright ownership; (3) breach of contract; (4) declaratory judgment with respect to contract rights; (5) defamation; (6) intentional interference with prospective economic relations; (7) negligent interference with prospective economic relations.

On March 7, 2011, Barnes filed counterclaims against ACPA and Carlsson. Barnes alleges that he and Carlsson entered into an agreement pursuant to which they developed a three-book series that Barnes wrote. Counter-compl. ¶ 24. Barnes further alleges that Carlsson, in breach of the agreement, published a novel based on the series, without giving Barnes the agreed-to credit or compensation. Id. at ¶¶ 37-38. The

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-8396 CAS (CWx) | Date | June 22, 2011 |
|---|---|---|---|
| Title | ANDREAS CARLSSON PRODUCTIONS, AB; ET AL. v. JASON BARNES, ETC. | | |

counter-complaint alleges claims for: (1) breach of contract; (2) breach of the covenant of good faith and fair dealing; (3) declaratory judgment regarding copyright ownership; (4) copyright infringement; (5) negligent misrepresentation; and (6) fraud in the inducement.

On April 29, 2011, plaintiffs filed a motion to dismiss defendant's counterclaims. On May 23, 2011, Barnes filed an opposition to plaintiffs' motion. On May 30, 2011, Carlsson and ACPA filed a reply in support of their motion. Having carefully considered the parties' arguments, the Court finds and concludes as follows.

**II.    LEGAL STANDARD**

A Rule 12(b)(6) motion tests the legal sufficiency of the claims asserted in a complaint. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level." Id. Stated differently, only a complaint that states a claim for relief that is "plausible on its face" survives a motion to dismiss. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949-50 (2009) (quoting Twombly, 550 U.S. at 570). "The plausibility standard is not akin to the 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id.

In considering a motion pursuant to Fed. R. Civ. P. 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them. Pareto v. F.D.I.C., 139 F.3d 696, 699 (9th Cir. 1998). The complaint must be read in the light most favorable to the nonmoving party. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001); Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995). However, a court need not accept as true unreasonable inferences or conclusory legal allegations cast in the form of factual allegations. Sprewell, 266 F.3d at 988; W. Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

Dismissal pursuant to Rule 12(b)(6) is proper only where there is either a "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-8396 CAS (CWx) | Date | June 22, 2011 |
|---|---|---|---|
| Title | ANDREAS CARLSSON PRODUCTIONS, AB; ET AL. v. JASON BARNES, ETC. | | |

theory." Balistreri v. Pac. Police Dept., 901 F.2d 696, 699 (9th Cir. 1990).

Furthermore, unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials). In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998). A court may, however, consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201. In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999); Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

For all of these reasons, it is only under extraordinary circumstances that dismissal is proper under Rule 12(b)(6). United States v. City of Redwood City, 640 F.2d 963, 966 (9th Cir. 1981).

As a general rule, leave to amend a complaint which has been dismissed should be freely granted. Fed. R. Civ. P. 15(a). However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986); see Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

**III.    DISCUSSION**

Plaintiffs/counter-defendants Carlsson and APCA argue that defendant/counter-claimant Barnes's counterclaims for breach of contract and breach of the implied covenant of good faith and fair dealing should be dismissed because the claims "do not clearly state what the contract was that Carlsson allegedly breached," as he makes mention of multiple contracts and amendments without specifying which breaches are allegedly associated with which contracts. Mot. at 6. Further, Carlsson and APCA argue, Barnes improperly "makes reference to certain quoted provisions between the parties, but those references are piecemeal and do not reflect the totality of the contract provisions." Id. Moreover, plaintiffs/counter-defendants argue, "[d]efendant failed to alleged that he performed all of his obligations under the alleged contract." Id.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-8396 CAS (CWx) | Date | June 22, 2011 |
|---|---|---|---|
| Title | ANDREAS CARLSSON PRODUCTIONS, AB; ET AL. v. JASON BARNES, ETC. | | |

Plaintiffs/counter-defendants further argue that Barnes's copyright claims should be dismissed because he "fails to allege that the works are substantially similar" and fails to allege that plaintiffs had access to defendant's work. Id. at 7. Moreover, Carlsson and APCA argue, plaintiff fails to "include allegations of a valid copyright registration." Id.

With respect to defendant/counter-claimant's fraud and negligent misrepresentation claims, Carlsson and APCA argue that they should be dismissed for failure to meet the requirements of Rule 9(b). "Here Defendant's fifth and sixth Causes of Action fail to indicate which statements are allegedly false, when the alleged statements were allegedly made, and what, if any, object was given up or obtained as a result of the alleged fraud and misrepresentation." Id. at 8.

In opposition, Barnes argues that his contract-related counter-claims are properly pleaded. "Barnes details the existence of two contracts, the February 2, 2007 agreement and the September 19, 2007 agreement, and directly quotes from those two contracts and from the provisions he contends Carlsson infringes. . . . Barnes also describes his performance under the contracts." Opp. at 7. With respect to his copyright claims, Barnes contends that "all that is required to maintain subject matter jurisdiction over a copyright infringement suit is that the Copyright Office receive the applicant's copyright application," and therefore, Carlsson's arguments that he fails to allege a valid copyright registration are inapposite. Id. at 9. Barnes further argues that he adequately pleads that Carlsson and APCA had access to and substantial similarity of the works. Id. at 10. Lastly, Barnes argues that his fraud and negligent misrepresentations claims are made with sufficient particularity pursuant to Rule 9(b). Id. at 11.

With respect to counter-claimant's contract claims, the Court finds that Barnes sufficiently alleges breaches of the relevant contracts. However, although Barnes describes performance of what may be the entirety of his obligations under the contract, it is not clear from the face of the complaint that all of his obligations were met, and the Court therefore GRANTS counter-defendants' motion with leave to amend to allow Barnes to allege that he performed all of his obligations under the alleged contracts. With respect to plaintiff's copyright claims, the Court finds that Barnes sufficiently alleges access and substantial similarity. See Counter-Compl. ¶ 24, 30, 36. The Court further finds that Barnes need only allege that he filed copyright applications in connection with the relevant works, which he does at paragraph forty-one of his counter-claims. Cosmetic

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-8396 CAS (CWx) | Date | June 22, 2011 |
|---|---|---|---|
| Title | ANDREAS CARLSSON PRODUCTIONS, AB; ET AL. v. JASON BARNES, ETC. | | |

Ideas, Inc. v. IAC/Interactive corp., 606 F. 3d 612, 618 (2010). The Court therefore DENIES the motion to dismiss with respect to the third and fourth counter-claims. The Court further finds that Barnes' fraud and negligent misrepresentation claims are pleaded with the requisite specificity in accordance with Rule 9(b), and therefore DENIES the motion with respect to the fifth and sixth claims. See Counter-Compl. ¶ 19.

## IV. CONCLUSION

In light of the foregoing, the motion to dismiss is GRANTED with leave to amend with respect to Barnes' first and second counter-claims, and DENIED with respect to the remainder of the counter-claims. Defendant/counter-claimant Barnes shall file amended counter-claims within **thirty (30)** days. Barnes is admonished that failure to do so may result in the dismissal of these counter-claims with prejudice.

IT IS SO ORDERED.

|  | : |
|---|---|
| Initials of Preparer | IM |